No. 23 - 1516

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

YASMIN VARELA, ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED,

*Plaintiff-Appellee,*

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY.

*Defendant-Appellant.*

On Appeal from the United States District Court for the District of Minnesota
Civ. No. 22-cv-790

## MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Pursuant to Rule 42(b)(2) of the Federal Rules of Appellate Procedure and Rules 27A(c) and 47A(b) of the Local Rules for the United States Court of Appeals for the Eighth Circuit, Plaintiff-Appellee Yasmin Varela respectfully moves to dismiss the above-captioned docketed appeal on the ground the appeal is not within the Court's jurisdiction. In support of the Motion, Plaintiff-Appellee states as follows.

1. This appeal concerns Defendant-Appellant State Farm Mutual Automobile Insurance Company ("State Farm")'s partial appeal of the interlocutory order entered on February 13, 2023 by the United States District Court for the District of Minnesota partially granting State Farm's motion to

dismiss. A copy of that decision is attached hereto as Exhibit A pursuant to Fed. R. App. P. 27(a)(2)(B)(iii).

2. In its Notice of Appeal, State Farm invokes Federal Arbitration Act ("FAA"), 9 U.S.C. § 16(a)(1), which, in relevant part, permits an appeal from an order "refusing a stay of any action" after an application for such by one of the parties in the action, "denying a petition under section 4 of this title to order arbitration to proceed," or "denying an application under section 206 of this title to compel arbitration." *See Varela v. State Farm Mut. Auto. Ins. Co.*, Case No. 22-cv-790, ECF No. 47 (D. Minn. Mar. 15, 2023).

3. "Ordinarily, courts of appeals have jurisdiction only over 'final decisions' of district courts. 28 U.S.C. § 1291. The FAA, however, makes an exception to that finality requirement, providing that" appeals may be taken under specific provisions of the Act. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 627 (2009). "'The burden of establishing that a cause of action lies within the limited jurisdiction of the federal courts is on the party asserting jurisdiction.'" *Benchmark Ins. Co. v. SUNZ Ins. Co.*, 36 F.4th 766, 771 (8th Cir. 2022) (quoting *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009)).

4. As an initial matter, State Farm's argument that the district court lacked subject matter jurisdiction over the case because the dispute was subject to

arbitration pursuant to the contract and Minnesota law was inappropriate, and it would have been error for the judge to grant it. *See Seldin v. Seldin*, 879 F.3d 269, 272-73 (8th Cir. 2018).

5. In addition, State Farm did not move to compel arbitration or to stay the case pending arbitration. This Court has jurisdiction over an appeal under 9 U.S.C. § 16 "to review the denial of motions to compel arbitration." *Donelson v. Ameriprise Fin. Servs., Inc.*, 999 F.3d 1080, 1086 (8th Cir. 2021), *cert. denied*, 142 S. Ct. 2675 (2022). Here, State Farm neither invoked the FAA nor moved to compel arbitration in its motion to dismiss. *Cf. id.* Instead, State Farm moved to dismiss the case. *See Varela v. State Farm Mut. Auto. Ins. Co.*, Case No. 22-cv-790, ECF No. 16 (D. Minn. July 7, 2022) ("Defendant hereby moves the Court under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing Plaintiff's Complaint with prejudice.").

6. In its memorandum supporting the motion to dismiss, State Farm did not move to compel arbitration or request a stay pending arbitration. *See generally Varela v. State Farm Mut. Auto. Ins. Co.*, Case No. 22-cv-790, ECF No. 18 (D. Minn. July 7, 2022). Indeed, State Farm seemingly agreed that it *could not* move to compel arbitration, because the provision of the Minnesota No-Fault Automobile Insurance Act only permits arbitration when demanded or claimed by an insured. *Id.* at 7, 9; *see* Minn. Stat. § 65B.525. State Farm also did not

3

4892-7735-3562, v. 1

reference or invoke the FAA or argue arbitration was justified pursuant to the FAA, and did not request a stay. State Farm also did not move to compel arbitration, request a stay, or request petition ordering arbitration to proceed in its reply brief supporting the motion to dismiss. *See generally Varela v. State Farm Mut. Auto. Ins. Co.*, Case No. 22-cv-790, ECF No. 27 (D. Minn. Sept. 15, 2022).

7. The United States District Court for the District of Minnesota entered an order granting in part and denying in part State Farm's motion to dismiss on February 13, 2023. *See Varela v. State Farm Mut. Auto. Ins. Co.*, Case No. 22-cv-790, ECF No. 38 (D. Minn. Feb. 13, 2023) (attached as Exhibit A). In that order, the court considered whether it had subject matter jurisdiction over the case and determined that it did. *Id.* at 7-11. In doing so, the court did not rule on any motion to compel arbitration or request for a stay pending arbitration, nor did it deny any such request or reference such relief. *See generally id.*

8. This Court has been clear that appeals under 9 U.S.C. § 16 are predicated on the "plain language of the statute, which grants appellate jurisdiction over specific orders." *Reid v. Doe Run Res. Corp.*, 701 F.3d 840, 844 (8th Cir. 2012). And the Supreme Court has recently reinforced that it is the text of the FAA and not the "federal policy favoring arbitration" that governs the outcome of disputes regarding the applicability of the FAA. *Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1712-14 (2022). This Court is restricted "from creating arbitration-

4892-7735-3562, v. 1

Appellate Case: 23-1516    Page: 4    Date Filed: 03/31/2023 Entry ID: 5260793

favoring procedural rules." *Armstrong v. Michaels Stores, Inc.*, 59 F.4th 1011, 1013 (9th Cir. 2023). This Court has previously also held that decisions regarding arbitration under the Minnesota No-Fault Automobile Insurance Act are not claims under the FAA and are not entitled to the same appeal rights. *Alpine Glass, Inc. v. Illinois Farmers Ins. Co.*, 531 F.3d 679, 681 (8th Cir. 2008) (dismissing appeal for lack of jurisdiction).

9. Here, under the plain language of the statute, State Farm neither requested nor received an appealable order under 9 U.S.C. § 16(a)(1), and thus this Court lacks jurisdiction over the appeal. As a result, Plaintiff-Appellee Varela respectfully requests that the appeal be dismissed.

Date: March 31, 2023

By /s/ Kate M. Baxter-Kauf

| | |
|---|---|
| **LOCKRIDGE GRINDAL NAUEN P.L.L.P.**<br>Karen Hanson Riebel (MN # 0219770)<br>Kate M. Baxter-Kauf (MN # 392037)<br>David W. Asp (MN # 344850)<br>100 Washington Avenue South<br>Suite 2200<br>Minneapolis, MN 55401<br>Telephone:  (612) 339-6900<br>Facsimile:   (612) 339-0981<br>khriebel@locklaw.com<br>kmbaxter-kauf@locklaw.com<br>dwasp@locklaw.com<br><br>**THE FINLEY FIRM, P.C.**<br><br>MaryBeth V. Gibson<br>J. Benjamin Finley<br>N. Nickolas Jackson<br>Piedmont Center<br>3535 Piedmont Rd.<br>Building 14, Suite 230<br>Atlanta, GA 30305<br>Telephone: (404) 978-6971 (Direct)<br>Fax: (404)-320-9978<br>bfinley@thefinleyfirm.com<br>mgibson@thefinleyfirm.com<br>njackson@thefinleyfirm.com | **IRBY LAW, LLC**<br><br>R. Brent Irby<br>2201 Arlington Avenue South<br>Birmingham, Alabama 35205<br>Telephone: (205) 335-9102<br>Facsimile: (866) 618-4629<br>brent@irbylaw.net<br><br>**SAWICKI & PHELPS, P.A.**<br><br>Paul J. Phelps (MN #185073)<br>5758 Blackshire Path<br>Inver Grover Heights, MN 55076<br>Telephone: (651) 730-6900<br>Facsimile: (651) 730-8110<br>pphelps@mnlawyers.com |

*Counsel for Plaintiffs-Appellees*

# CERTIFICATE OF COMPLIANCE

1. **Type-Volume**

This document complies with the word limit of FRAP 27(d)(2)(A) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 988 words.

2. **Typeface and Type-Style**

This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6).

Date: March 31, 2023 /s/ Kate M. Baxter-Kauf
Kate M. Baxter-Kauf

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the Court's CM/ECF system on March 31, 2023. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Date: March 31, 2023                                          /s/ Kate M. Baxter-Kauf
                                                              Kate M. Baxter-Kauf